IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PATRICK A. JONES | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv299 |
| JAMES SOWELL, ET AL. | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Patrick A. Jones, proceeding *pro se*, filed the above-styled civil rights lawsuit against James Sowell, Paul Hayes, G. Maldonado, Jr., John B. Fox, Ralph Hanson, David Gonzalez and Gary Szembroski. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court.

The defendants have filed a motion for summary judgment. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the motion. The Magistrate Judge recommends the motion be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust available administrative remedies before filing a lawsuit in federal court. To fulfill the exhaustion requirement, prisoners must comply with applicable procedural rules. *Jones v. Brock*, 549 U.S. 199, 218 (2007). The Bureau of Prisons has a four-step administrative remedy process. Normally, inmates begin the exhaustion process by filing a grievance at the institutional level. However, prison regulations permit inmates filing a grievance concerning a sensitive issue that affects their safety or well-being to begin the process at the regional director level, which is normally the third step of the process.

The defendants have submitted competent summary judgment evidence demonstrating: (1) plaintiff filed a sensitive grievance concerning the issues raised in his lawsuit with the regional

director; (2) the regional director determined the grievance was not sensitive in nature and rejected the filing; and (3) plaintiff appealed this decision to the Office of General Counsel, the final step in the process, which agreed with the regional director's decision. Federal regulations provide that if a grievance is rejected as not being sensitive, the prisoner may restart the process by filing a new grievance at the institutional level. As plaintiff did not restart the process, the Magistrate Judge concluded plaintiff had not exhausted his administrative remedies in a procedurally correct manner and recommended that the motion for summary judgment be granted.

In his objections, plaintiff states he was unable to restart the process. Plaintiff states that between February, 2008, and May, 2008, he requested forms to file a grievance at the institutional level on numerous occasions. However, his requests were denied. He states he notified executive prison staff during their weekly walks through the prison that he was being denied grievance forms. However, he still generally did not receive the forms. He states that when he received the forms, his unit counselor sometimes filed them and sometimes did not.

Plaintiff has failed to establish that he should be excused from the statutory exhaustion requirement. The record shows that the regional director rejected plaintiff's grievance as not being sensitive on April 18, 2008. On May 27, plaintiff appealed this decision to the Office of General Counsel. The Office of General Counsel rejected his appeal on June 4.

As stated above, once the Office of General Counsel rejected his appeal, prison regulations permitted plaintiff to restart the process by filing a grievance at the institutional level. Plaintiff states he was transferred from the United States Penitentiary in Beaumont, Texas, to the United States Penitentiary in Pine Knot, Kentucky, on May 21, prior to the date on which the Office of General Counsel rejected his appeal. He does not state he experienced any difficulty obtaining forms at the Kentucky facility. Thus, even if plaintiff had trouble obtaining the appropriate forms while he was at the facility in Beaumont, he had an opportunity to obtain such forms, and restart the process, after he was transferred to the facility in Kentucky. As plaintiff did not restart the process, it must be concluded that he failed to properly exhaust available administrative remedies before filing this lawsuit. The defendants are therefore entitled to summary judgment.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. The defendants' motion for summary judgment is **GRANTED**. An appropriate final judgment shall be entered.

**SIGNED** this the 8 day of **September, 2014.**

_____
Thad Heartfield
United States District Judge